## A01A1853. FOXX v. THE STATE.
### (556 SE2d 512)

MIKELL, Judge.

A jury convicted Leon Foxx of five counts of burglary. On appeal, he claims that (1) the evidence was insufficient to support his convictions, (2) he received ineffective assistance of counsel, and (3) the trial court erred in making certain comments to the jury. For reasons which follow, we affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] The evidence shows that John Robinson committed numerous burglaries to support his crack cocaine habit. Robinson testified that Foxx participated in burglaries of homes on Peacock Avenue, Ashwood Drive, North Quarry Drive, and Warm Springs Road and at an apartment on River Road, all in the Columbus area.

1. Foxx claims that the evidence was insufficient to support the verdict. We disagree. The standard of review is whether, after viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

(a) With respect to the burglary on Peacock Avenue, Foxx argues that the state failed to prove the burglary as alleged in the indictment because the evidence of the location of the burglary was unclear and because witness McCoy testified that his house was not burglarized. This argument is somewhat disingenuous because McCoy was an eyewitness to Foxx's burglary of a neighbor's residence. Robinson also testified that Foxx participated in a burglary on Peacock Avenue.

(b) Foxx points out that the victim of the burglary on Ashwood Drive does not know who burglarized his home and that Robinson testified he could not remember if the Ashwood Drive burglary resulted in the theft of jewelry or a compressor. However, the victim makes it clear what items were taken, which included jewelry, and Robinson testified that Foxx participated in the theft.

(c) With regard to the burglary at North Quarry Drive, Foxx argues that there is no evidence that a building was entered in order to steal the compressor. However, Robinson testified that before they took the compressor, "I got out of the car and was looking around under the patio, the garage area, and I stayed under there for about five minutes." The testimony that he "stayed under" the garage area indicates that Robinson did enter a building during the course of the theft of the compressor.

---

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).
[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

(d) Foxx argues that there was no evidence to tie him to the crime on Warm Springs Road. The prosecutor never specifically asked Robinson about the burglary on Warm Springs Road, although he did elicit general testimony that Foxx was with him during the five burglaries for which Foxx was charged. The state established through victim testimony that the burglary occurred. Detective Carter testified that Robinson said that he became angry at Foxx during the burglary at the Warm Springs Road residence for trying to steal soap, as opposed to a more valuable item.

Robinson's statement to Detective Carter establishes Foxx's participation in the Warm Springs Road burglary. We note that Robinson testified at trial and was available for cross-examination by Foxx regarding his out-of-court statement to Detective Carter. Therefore, Foxx's conviction on the Warm Springs Road burglary is not based on the statement of a nontestifying accomplice.[3]

(e) Finally, Foxx questions the sufficiency of the evidence with respect to the burglary at the River Road apartments. The prosecutor asked Robinson about his participation in a burglary with Foxx of Unit 1, while the victim testified that his apartment, Unit 101, was burglarized, although he was out of town at the time and did not know the exact date of the crime or who was involved. By considering the testimony of the victim and Robinson together, the jury was authorized to conclude that Foxx participated in a burglary at Unit 101 of the River Road apartments.

2. During Foxx's cross-examination, the following exchange occurred:

Q: Now, you also say that Johnny Robinson has a reason to lie.
A: Yes, he do.
Q: Because he would come over to your house with his girlfriend and get paranoid?
A: No. I said because he lied because he said he ain't got nothing to live for, he ain't got that long to live, he's going to take as many people down with him as he can. . . .
The Court: Mr. [Prosecutor], I've just about heard all of this that I want to hear. Finish up.

Foxx contends the trial court's comment was an improper expression of opinion by the trial court as to matters proved or the guilt of the accused.[4] We disagree. The trial court's comment is directed at the prosecutor and urges him to conclude cross-examination. The trial court is allowed to prescribe the manner in which the business

---

[3] See *Livingston v. State*, 268 Ga. 205, 209 (486 SE2d 845) (1997).
[4] See OCGA § 17-8-57.

of the court is conducted.[5] The comment complained of by Foxx, which, at most, indicated displeasure with the prosecutor, did not constitute an improper expression of opinion by the trial court.

3. Foxx also contends that he received ineffective assistance of counsel because his trial counsel failed to object to what Foxx contends was the trial court's improper comment disparaging Foxx's credibility. However, as we have established above, the trial court did not make an improper comment, and it follows that defense counsel could not have rendered ineffective assistance by failing to object.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED NOVEMBER 14, 2001.

*William J. Mason,* for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney,* for appellee.

---

[5] See *Butler v. State,* 172 Ga. App. 405, 406 (1) (323 SE2d 628) (1984).