## A03A0639. MAI v. THE STATE.
### (577 SE2d 288)

ELDRIDGE, Judge.

Tam Thanh Mai was charged with the offenses of obstruction of a law enforcement officer, maintaining a disorderly house, simple battery in that he intentionally made physical contact of an insulting and provoking nature with Officer M. S. Waddell (OCGA § 16-5-23 (a) (1)), and simple battery in that he intentionally caused physical harm to Officer M. S. Waddell (OCGA § 16-5-23 (a) (2)). The charge of maintaining a disorderly house was nolle prossed prior to trial. After a jury trial, Mai was found guilty of the offenses of obstruction of a law enforcement officer and simple battery (OCGA § 16-5-23 (a) (1)) and not guilty of simple battery (OCGA § 16-5-23 (a) (2)). Mai appeals from the judgment of conviction and the sentence entered thereon. Finding no error, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence shows that on December 2, 2000, My Nguyen hosted a going away party for Mai at his home. During the late night hours and early morning hours of December 2 and December 3, 2000, Nguyen's next-door neighbor, who was recovering from back surgery, twice went to Nguyen's house and requested that they turn down the music because he could hear it inside his bedroom. The neighbor testified that it was "loud thundering music coming off my wall." The neighbor further testified that each time, Mai answered the door and, at his request to turn down the music, shut the door in his face without responding. The neighbor called 911, and Officer Waddell of the Gwinnett County Police Department responded to the call.

Officer Waddell testified that when he arrived, he could hear the music while standing on the next-door neighbor's porch which was located on the side of the neighbor's home opposite from the Nguyen home. After talking with the neighbor, Officer Waddell went to the Nguyen home to request that the music be turned down and to issue Nguyen, as the homeowner, a citation for noise ordinance violation. Nguyen refused to sign the citation, saying the music was not loud, even after Officer Waddell explained to him that it was not an admission of guilt and that if he did not sign the citation he would be arrested, taken to jail, and required to post bond.

Officer Waddell testified that both Nguyen and Mai were intoxicated. They were swaying and had a strong odor of alcohol coming from their persons, and their eyes were glassy, watery, and bloodshot. When Officer Waddell realized that he could not get Nguyen to sign the citation, he told Nguyen he was under arrest and requested

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

he put his hands behind his back to be handcuffed. As soon as Officer Waddell put his hands on Nguyen, Mai hit Officer Waddell in the face. Officer Waddell testified that after Mai hit him, Mai continued to hold onto him. Officer Waddell hit Mai to try and get him off him, and Mai fell on the porch. Nguyen then started toward Officer Waddell. Officer Waddell put out a help call on his radio. Nguyen kept coming toward him, and Officer Waddell hit him in the leg with his baton. However, this had no effect on Nguyen. Both Mai and Nguyen came toward Officer Waddell, and he sprayed both of them with pepper spray. Officer Waddell was able to handcuff Mai and place him under arrest, but Nguyen ran into the house. Nguyen was handcuffed and placed under arrest shortly thereafter. Backup officers arrived a few seconds later.

The next-door neighbor testified that he did not observe Officer Waddell's initial approach to the Nguyen home, as he had gone back inside his house. However, upon hearing the officer yelling, "Open the door," he went back outside. The neighbor testified that he saw Officer Waddell struggling with Nguyen in the front yard trying to place handcuffs on him. Officer Waddell then went into the house and came back out with Mai. The neighbor further testified that Mai and the officer were fighting as they came out the door. The neighbor testified that when Officer Waddell struck Mai with his baton, Officer Waddell was telling Mai to stop and that he could not state that Mai was acting in self-defense. *Held*:

1. Mai alleges that the evidence was insufficient to support his conviction for obstruction of a law enforcement officer because the State failed to prove the noise ordinance by introducing a certified copy of the ordinance into evidence and, thus, there was no proof the police officer was in the lawful discharge of his duties. We disagree. "It is not necessary for the State to prove the underlying offense that causes the officers to act; it is only necessary to prove the elements of the obstruction statute, i.e., that the act constituting obstruction was knowing and wilful, and that the officer was lawfully discharging his official duties." (Punctuation and footnote omitted.) *Mathis v. State*, 250 Ga. App. 500-501 (552 SE2d 97) (2001).

In this case, Mai struck the police officer in the face, as he attempted to arrest Nguyen. Therefore, there is no question that his conduct was knowing and wilful. As to the second element of obstruction, Officer Waddell was in the lawful discharge of his duties in the investigation of a 911 call; Officer Waddell testified that he could hear the loud music coming from Nguyen's house when he arrived at the complaining neighbor's house. Mai's attack on Officer Waddell came as he attempted to arrest *Nguyen* after Nguyen refused to sign the citation for a noise ordinance violation. At such time, Mai was not charged with any offense and he was not resisting his personal

arrest. Thus, the evidence in this case was sufficient under the standards of *Jackson v. Virginia*, supra, to support the jury's verdict. "[T]he admission of the ordinance is not the only means by which the [S]tate can prove that an officer lawfully discharged his duties in an obstruction case." *Mathis v. State*, supra at 502.

2. Next, Mai alleges that the trial court erred when it refused to charge the jury on the right to resist unlawful force in making a legal arrest and the right to use force to prevent an illegal arrest. "Among other requirements, a jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law. When any part of the requested charge is confusing, inapt, incorrect, or not authorized by the evidence, denial of the request is proper." (Citations and punctuation omitted.) *Jones v. State*, 242 Ga. App. 357, 359 (3) (529 SE2d 644) (2000).

In this case, Mai made no showing that his arrest was unlawful or illegal. Further, there was no testimony that the arresting officer used excessive force. Mai did not testify. Nguyen testified that he did observe the confrontation between Mai and the officer and did not see Mai hit Officer Waddell. The neighbor, while testifying that he observed a struggle between Officer Waddell and Mai, did not testify that he observed Mai initially hit Officer Waddell or that the officer's use of force was excessive and stated that he could not say that Mai's combative behavior was in self-defense. Because the requested charges were not authorized by the evidence, the trial court properly refused to give them. *Jones v. State*, supra.

3. Mai further contends the trial court erred by limiting his cross-examination of Officer Waddell. Mai argues that the trial court refused to allow him to question Officer Waddell about information the officer failed to disclose in two of his reports or discrepancies between the reports and the evidence at trial. However, contrary to Mai's assertions, the record shows that Mai was allowed to question Officer Waddell about the police reports relevant to this incident and was only stopped by the trial judge when counsel started asking about other use-of-force reports issued by Officer Waddell between 1999 and 2001 and attempted to ask questions which Officer Waddell had already answered about the use-of-force report regarding this incident.

Mai has failed to show how use-of-force reports between 1999 and 2001 are relevant to this case and the issues to be considered by the trier of fact. Further, while Mai argues that, if he had been allowed to proceed with questioning Officer Waddell, he "would have been able to undermine Officer Waddell's credibility and the veracity of his testimony in front of the jury" by showing the officer failed to disclose information or discrepancies between the reports and the evidence at trial, the record shows that counsel was allowed to ques-

tion Officer Waddell about alleged discrepancies in the report and that, upon questioning, Officer Waddell explained that he did not list the other responding officers in his report because they arrived after the incident occurred.

> Although a defendant is entitled to a thorough and sifting cross-examination as to all relevant issues, the trial court, in determining the scope of relevant cross-examination, has a broad discretion. Generally speaking, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way and to whatever extent, the defense might wish.

(Citations and punctuation omitted.) *Kolokouris v. State*, 271 Ga. 597, 600 (4) (523 SE2d 311) (1999).

> The U. S. Supreme Court made it clear in *Delaware v. Van Arsdall*, 475 U. S. 673, 679 (106 SC 1431, 89 LE2d 674) (1996), that trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.

*State v. Vogleson*, 275 Ga. 637, 639 (1) (571 SE2d 752) (2002). Further, at the close of the case, the trial court offered to make Officer Waddell available for additional cross-examination about issues relevant to the case. At such time, defense counsel stated that if he could not question Officer Waddell about "anything that happened after Officer Waddell arrested [Mai]," he had no further questions. Under these circumstances, the trial court's limiting of cross-examination did not amount to an abuse of discretion.

4. Lastly, Mai contends that error was committed because the trial judge expressed his opinion about matters that had or had not been proved as to the guilt of the accused in violation of OCGA § 17-8-57. While Mai points to several instances where the trial court stopped defense counsel's questioning, which ultimately ended with the trial court terminating cross-examination and directing counsel to be seated, these comments were directed to defense counsel and, at the most, "indicated displeasure with the [defense counsel] and did not constitute an improper expression of opinion by the trial court." *Foxx v. State*, 252 Ga. App. 417, 419 (556 SE2d 512) (2001).

Mai also complains that the trial court stated in front of the jury that "this case should have been over a long time ago." However, this

comment did not go to the evidence, but to the length of time the case had been pending prior to trial and, likewise, does not constitute an improper expression of opinion by the trial court. "The trial court is allowed to prescribe the manner in which the business of the court is conducted." (Footnote omitted.) *Foxx v. State*, supra at 418-419. Accordingly, there was no error in the complained-of comments.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 5, 2003 — 

*Andrews & Knowles, Craig C. Knowles, Adam P. Princenthal*, for appellant.

*Gerald N. Blaney, Jr., Solicitor-General, Jonathan D. Aurelia, Assistant Solicitor-General*, for appellee.