## A04A2250. BERRIAN v. THE STATE.

(608 SE2d 540)

PHIPPS, Judge.

Jimmy Dewayne Berrian appeals his conviction of misdemeanor obstruction of a law enforcement officer, challenging the sufficiency of the evidence to support the verdict. Finding the evidence sufficient, we affirm.

OCGA § 16-10-24 (a) "provides that a 'person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties (other than by offering or doing violence to his person) is guilty of a misdemeanor.' "[1] "The essential elements of this misdemeanor offense are that the act constituting obstruction or hindering must be knowing and wilful, and that the officer must be lawfully discharging his official duties at the time of such act. [Cit.]"[2] "The statute was made purposefully broad to cover actions which might not be otherwise unlawful, but which obstructed or hindered law enforcement officers in carrying out their duties."[3]

Here, the state's evidence showed that, pursuant to routine procedure, uniformed City of Valdosta Police Officer Douglas Robinson went to a single-family residence to perform a safety check after a 911 hang-up call was received from the residence. When he exited his patrol car, he observed a visibly upset young girl attempting to climb out a front window. Comments by the child led the officer to believe that a domestic violence incident might be in progress inside the residence, so he radioed for assistance and went to the front door. Although he knocked on the door and announced his presence as a police officer, no one came to the door. Because he could hear two adults arguing and a banging sound inside, he opened the unlocked door and took a couple of steps into the house. At that point, he saw Berrian. Berrian, who was much larger than Robinson, began uttering profanities and walking toward Robinson in a hostile manner, ordering him out of the house. Robinson attempted to explain that he was there to investigate the 911 hang-up call. Berrian denied that anyone from the residence had made such a call and, although Berrian did not make physical contact with Robinson, he continued uttering profanities, walking toward Robinson, and ordering him to get out of the house. Fearing for his safety, Robinson stepped back outside the house. But when Berrian tried to close the door, Robinson placed his foot in the doorway and continued trying to talk to Berrian.

---

[1] *Duke v. State*, 205 Ga. App. 689 (423 SE2d 427) (1992).

[2] *Weidmann v. State*, 222 Ga. App. 796, 797 (2) (476 SE2d 18) (1996).

[3] (Citation and punctuation omitted.) Id.

City of Valdosta Police Officer Andre Porter, also uniformed, then appeared at the doorway to assist Robinson. Robinson told Berrian that because they had received a 911 hang-up call it was their duty to enter the house and make sure everyone was safe. Continuing to utter profanities, Berrian told the officers they could not come into the house and ordered them to leave. Instead, the officers grabbed Berrian's arms, placed them behind his back, and handcuffed him. After Robinson placed Berrian inside his patrol car, he went back into the house and discovered an adult woman, Charlotte Flanders, with visible facial injuries and several hysterical children. Flanders admitted that she and Berrian had been arguing. But she denied that he had hit her, and she refused to allow her photograph to be taken.

Clearly, this evidence was sufficient to authorize the jury to find Berrian guilty beyond a reasonable doubt of the charge that he had obstructed the officers by refusing to let them into the house.[4]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 22, 2004.

*Sherwood & Sherwood, Harrison B. Sherwood*, for appellant.
*Richard W. Shelton, Solicitor-General*, for appellee.

---

[4] See *Carter v. State*, 222 Ga. App. 397 (1) (474 SE2d 228) (1996).