# A07A1179. SISTRUNK v. THE STATE.
(651 SE2d 350)

RUFFIN, Judge.

Following a bench trial, David Sistrunk was found guilty of driving under the influence to the degree he was a less safe driver and failing to stop at a stop sign. On appeal, Sistrunk challenges the sufficiency of the evidence.[1] As we find the evidence sufficient to support the trial court's finding of guilt, we affirm.

On appeal from a criminal conviction, Sistrunk no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the trial court's finding of guilt.[2] In so doing, we neither weigh the evidence nor assess witness credibility, but merely determine whether there is sufficient evidence from which a rational factfinder could have found the accused guilty beyond a reasonable doubt.[3]

Viewed in this manner, the evidence shows that on February 10, 2005, Officer Steve Drew stopped Sistrunk for failing to yield at a stop sign. During the encounter, Officer Drew smelled alcohol emanating from Sistrunk. Drew performed a preliminary breath test, which confirmed the presence of alcohol.[4] Drew testified that, based upon his training and experience, he believed Sistrunk was intoxicated to the point it was less safe for him to drive. However, Drew admittedly did not perform any additional field sobriety testing, and he conceded that he did not notice any other signs that Sistrunk was intoxicated. Based upon this evidence, the trial court found Sistrunk guilty of driving under the influence to the degree it was less safe for him to drive.

On appeal, Sistrunk argues that the evidence was insufficient to support the trial court's finding of guilt. We disagree.

To sustain a conviction for driving under the influence to the degree it is less safe, the State must prove that alcohol impaired Sistrunk's driving ability.[5] Methods of proving this offense

---

[1] Specifically, Sistrunk contends the trial court erred in denying his motion for directed verdict. As noted by the State, however, " 'the trial court could not have directed a verdict of acquittal because there is no verdict in a bench trial.' " *Fluellen v. State*, 264 Ga. App. 19, 22, n. 1 (589 SE2d 847) (2003). It is apparent that Sistrunk means to challenge the sufficiency of the evidence. And we thus consider the error notwithstanding the fact that the enumeration was not properly worded. See OCGA § 5-6-48 (f).

[2] See *Gamble v. State*, 283 Ga. App. 326 (1) (641 SE2d 556) (2007).

[3] See id.

[4] Drew also had Sistrunk perform a breath test using an intoxilyzer, but the trial court suppressed the results.

[5] See *Drogan v. State*, 272 Ga. App. 645, 647 (1) (b) (613 SE2d 195) (2005).

may include evidence of (i) erratic driving behavior, (ii) refusal to take field sobriety tests and the breath or blood test, and (iii) the officer's own observations (such as smelling alcohol and observing strange behavior) and resulting opinion that the alcohol made it less safe for the defendant to drive.[6]

Furthermore, the commission of a traffic violation can constitute evidence that a driver is impaired.[7] Here, Drew testified that Sistrunk smelled of alcohol, had run a stop sign, and that he believed Sistrunk was a less safe driver as a result of alcohol consumption. Under these circumstances, the evidence — although not overwhelming — was sufficient to support the trial court's finding of guilt.[8]

The case cited by Sistrunk, *Ricks v. State*,[9] does not require a different result as it is factually distinguishable. In that case, the arresting officer expressly testified the defendant had done nothing to lead the officer to believe that the defendant was impaired by alcohol to the extent it was less safe for him to drive. Accordingly, this case provides no basis for reversing Sistrunk's conviction.[10]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 31, 2007.

*Green & Green, Judson L. Green IV*, for appellant.
*Louie C. Fraser, District Attorney, Robert B. Faircloth, Assistant District Attorney*, for appellee.

---

[6] Id.

[7] See id. at 645 (running a red light); *Jones v. State*, 273 Ga. App. 192, 193 (1) (a) (614 SE2d 820) (2005).

[8] See id.; *Drogan*, supra; *Hoffman v. State*, 275 Ga. App. 356, 357-358 (1) (620 SE2d 598) (2005).

[9] 255 Ga. App. 188 (564 SE2d 793) (2002).

[10] See *Drogan*, supra.