## A07A0888. CORBIN v. THE STATE.
(651 SE2d 101)

RUFFIN, Judge.

A jury found Sallie Kate Corbin guilty of possessing methamphetamine. In two enumerations of error, Corbin contends that the trial court erred in excluding testimony tending to show that the drugs belonged to someone else. For reasons that follow, we disagree and affirm.

Viewed in a light favorable to the verdict,[1] the evidence shows that on October 14, 2005, police went to Corbin's residence as part of an investigation. Investigator Justin Siegel reached the house moments after Corbin arrived in her pickup truck. Corbin's daughter, Lisa Moore, also was in the vehicle. According to Siegel, he explained his presence and asked for permission to search the truck. Corbin agreed, and Siegel searched the vehicle and discovered methamphetamine in Corbin's unzipped purse, which was located inside the truck. Siegel also searched Moore's purse and found a film canister that contained methamphetamine. Both women were then charged with possessing methamphetamine. A subsequent search of the house revealed drug paraphernalia in Moore's room, but none in the

---

[1] See *Barrino v. State*, 282 Ga. App. 496, 497 (639 SE2d 489) (2006).

rest of the house. Based upon this evidence, the jury found Corbin guilty of possessing methamphetamine.

At trial, Corbin's defense was that the drugs found in her purse belonged to Moore. Although Corbin subpoenaed Moore to testify, Moore did not appear for trial.[2] Corbin attempted to introduce evidence of Moore's drug use through other witnesses. Specifically, Corbin proffered the testimony of her son that Moore had told him that she had "got[ten] two eight balls[,]" which the son interpreted as meaning drugs. Corbin also proffered the testimony of her grandson who testified that Moore told him that she had been awake for "a couple" of days and that "she had more drugs she could do in her pocket." The trial court excluded this testimony on several grounds, including that it was hearsay, that it improperly impugned the character of a defense witness, and that it was cumulative of other evidence. The trial court further noted that neither witness could testify as to the type of drug Moore allegedly had in her possession.

In two enumerations of error, Corbin contends that the trial court erred in excluding the proffered testimony. As noted by Corbin, "a defendant is entitled to introduce relevant *and admissible* testimony tending to show that another person committed the crime for which the defendant is [being] tried."[3] We review a trial court's ruling excluding such evidence for abuse of discretion.[4]

Here, the trial court found that the statements attributed to Moore were hearsay and thus inadmissible. As a general rule, hearsay evidence of another person's allegedly inculpatory statements is inadmissible.[5] A trial court may only admit such evidence in "exceptional circumstances, i.e., when the hearsay bears 'persuasive assurances of trustworthiness' and is critical to the defense."[6] Though the evidence was challenged on hearsay grounds, Corbin never argued nor presented evidence that exceptional circumstances warranted admission of the statements notwithstanding that they constituted hearsay. Under these circumstances, Corbin forfeited the opportunity to prove this exception and thus the trial court properly excluded the evidence.[7]

---

[2] Despite Moore's absence, Corbin announced that she was ready for trial and did not seek a continuance, thus waiving any objection to proceeding without her witness. See *Nix v. State*, 236 Ga. 110, 112 (2) (223 SE2d 81) (1976).

[3] (Punctuation omitted; emphasis supplied.) *Scott v. State*, 281 Ga. 373, 377 (3) (637 SE2d 652) (2006).

[4] See *Gerlock v. State*, 283 Ga. App. 229, 232 (3) (641 SE2d 240) (2007); *Dix v. State*, 246 Ga. App. 338, 341 (3) (540 SE2d 294) (2000).

[5] See *Inman v. State*, 281 Ga. 67, 72 (4) (635 SE2d 125) (2006).

[6] Id.

[7] See *State v. Fischer*, 230 Ga. App. 613, 614 (497 SE2d 79) (1998), overruled on other grounds, *Workman v. State*, 235 Ga. App. 800 (510 SE2d 109) (1998).

Corbin also contends that the trial court should have admitted her grandson's testimony that Moore "looked like she had been up [for] a couple [of] days." The court excluded this statement, in part, based upon its finding that it was irrelevant. "The admission or exclusion of evidence on the ground of relevance lies within the discretion of the trial court."[8] Considering the limited relevance of this statement, we cannot say that the court abused its discretion in excluding it.[9]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 31, 2007 —
RECONSIDERATION DENIED AUGUST 10, 2007.

*David C. Abbott*, for appellant.
*Lee Darragh, District Attorney, Susan A. Beck, Assistant District Attorney*, for appellee.

---

[8] (Punctuation omitted.) *Carroll v. State*, 255 Ga. App. 230, 231 (1) (564 SE2d 833) (2002).
[9] See *Carter v. State*, 270 Ga. 637, 638-639 (2) (514 SE2d 19) (1999).