## A07A2200. WILLIAMS v. THE STATE.
(657 SE2d 556)

RUFFIN, Judge.

Following a trial, a jury found Shekia Akea Williams guilty of obstructing a law enforcement officer and giving a false name and date of birth to an officer. On appeal, Williams challenges the sufficiency of the evidence for her obstruction conviction and contends that the trial court erred in excluding certain evidence. For reasons that follow, we affirm.

In an appeal from a criminal conviction, we view the evidence in a light favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We neither weigh the evidence nor assess witness credibility, but only determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

So viewed, the evidence shows that late at night on December 19, 2005, Officer Laura Kay of the Henry County Police Department responded to a complaint of noise. As she exited her patrol car, Kay heard music emanating from Williams's residence, which was approximately 150 feet from her car. After speaking to the complainant — Williams's next door neighbor, Leonard Teague — and the police dispatcher, Kay decided to issue a written citation for the noise violation.

Kay knocked on the door and identified herself to Williams, the homeowner, who denied that she had been playing music. After Kay told Williams that she was going to issue her a written citation, Williams "bec[a]me angry," screamed, and told Kay to leave. Kay warned Williams that she would issue her a warrant for obstruction if she continued to impede the investigation. In response to Kay's inquiry, Williams stated that her name was Shekia Angie Brown and that her birth date was December 5, 1982. Kay wrote down the information and showed it to Williams, who confirmed that it was correct. Kay also requested written identification, and Williams went inside, ostensibly to retrieve the identification, closing and locking the door behind her.

Kay contacted dispatch again and was advised that the homeowner was listed as Shekia Williams, whose birth date was December 4, 1982. Approximately five minutes after Williams closed her door, Kay and another officer repeatedly knocked on the door for at least ten minutes. Kay shouted to Williams, asking her to answer the door, but Williams did not comply. Police dispatch called Williams's house,

---

[1] See *Sistrunk v. State*, 287 Ga. App. 39 (651 SE2d 350) (2007).

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Sistrunk*, supra.

but she did not answer; the lights in the residence were extinguished while the police were attempting to get Williams to come to the door.

Williams was charged with obstruction and giving a false name and date of birth to a law enforcement officer. Following a trial, the jury found her guilty on both counts.

1. Williams contends that the trial court erred in denying her motion for a directed verdict because the evidence was insufficient to support her conviction for obstruction. We disagree.

OCGA § 16-10-24 (a) prohibits the knowing and wilful obstruction or hindrance of "any law enforcement officer in the lawful discharge of his official duties." "The essential elements of this misdemeanor offense are that the act constituting obstruction or hindering must be knowing and wilful, and that the officer must be lawfully discharging his [or her] official duties at the time of such act."[3] Whether a defendant's actions actually hindered or impeded an officer is a decision for the trier of fact.[4]

Here, Kay was engaged in the lawful discharge of her duties when she responded to and investigated the 911 call regarding loud music at Williams's house.[5] Williams knowingly provided Kay with false information regarding her identity, failed to provide written identification when asked to do so, and refused to respond when the police repeatedly knocked, telephoned her home, and called for her to open the door. This evidence is sufficient to authorize a rational trier of fact to find Williams guilty beyond a reasonable doubt of the offense of obstruction of an officer.[6]

The case cited by Williams, *Beckom v. State*,[7] does not require a different result, as it is factually distinguishable. In that case, the police knocked on the defendant's door to inquire about the whereabouts of a missing juvenile. Beckom finally responded after approximately an hour and told the officers that she did not know the location of the juvenile. She called his name, however, and he emerged from her basement and was reunited with his father. After the police left, they returned to Beckom's and knocked on her door repeatedly, but

---

[3] (Punctuation omitted.) *Berrian v. State*, 270 Ga. App. 582 (608 SE2d 540) (2004).

[4] See *Hudson v. State*, 135 Ga. App. 739, 742 (2) (218 SE2d 905) (1975).

[5] See *Mai v. State*, 259 Ga. App. 471, 472 (1) (577 SE2d 288) (2003).

[6] See *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992) ("lying [to a police officer] with the intent of misdirecting him as to the performance of his official duties can certainly constitute a hindrance and authorize a misdemeanor [obstruction] conviction"); *Bailey v. State*, 190 Ga. App. 683 (379 SE2d 816) (1989) (evidence supported misdemeanor obstruction conviction where defendant refused to identify himself to police); *Carter v. State*, 188 Ga. App. 464 (2) (373 SE2d 277) (1988) (defendant's conduct in providing false name and birth date to police authorized misdemeanor obstruction conviction); *Hudson*, supra (misdemeanor obstruction conviction authorized where defendant refused to provide identification to law enforcement).

[7] 286 Ga. App. 38 (648 SE2d 656) (2007).

she refused to answer. Beckom did not provide false information to the authorities, and "there [was] no evidence that [she] knew of an on-going investigation, and certainly no evidence that [she] was attempting 'knowingly and willfully' to impede such an investigation."[8] Thus, we concluded that the evidence did not support her obstruction conviction. Here, in contrast, Williams refused to answer the door after knowingly providing the police with false information in response to their ongoing inquiry during the investigation of the noise complaint. Accordingly, *Beckom* provides no basis for reversing Williams's conviction.

2. Williams contends that the trial court erred in denying her request to admit a letter from the Clayton County Sheriff's Department addressed to her. We find no abuse of discretion.

Williams testified that she had an ongoing dispute with her neighbor, Teague, a Clayton County Deputy Sheriff. According to Williams, Teague harassed her by making repeated calls to the police regarding loud music originating from her house. Williams complained to the Clayton County Sheriff's Department regarding Teague's conduct, and they conducted an investigation.

At trial, Williams tendered a letter dated February 1, 2006, addressed to her, and signed by an investigator with the Internal Affairs Division of the Clayton County Sheriff's Department, which stated that: "After a thorough and complete investigation, the evidence gathered indicated the allegations of Conduct Unbecoming an Officer, General Behavior and Incompetence are SUSTAINED." The State objected to admission of the document, contending that it was irrelevant, constituted hearsay, and was an unauthenticated business record, and the trial court sustained the objection.

On appeal, Williams urges that the document was admissible under OCGA § 24-3-2, which provides that "[w]hen, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." According to Williams, she did not offer the letter "for the truth of the matter asserted, but to show [her] state of mind . . . from having read it." Specifically, she argues that she "saw, read, and relied on the letter," which showed her "state of mind, i.e. to explain her . . . evasiveness towards Officer Kay." This argument strains credulity, however, as we fail to see how Williams's reliance on a letter dated February 1, 2006 could justify or explain her "evasiveness" on December 19, 2005.

---

[8] Id. at 42 (2).

Moreover, Williams has failed to show that the document was relevant. "The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion."[9] Williams was charged with obstruction and providing false information to a police officer. Thus, the fact that a separate law enforcement agency may have concluded that her neighbor's previous actions toward her were inappropriate was entirely irrelevant to the crimes charged. Accordingly, we find no abuse of discretion in the trial court's refusal to admit the document.[10]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 30, 2008.

*Sexton & Key, Dale T. Preiser*, for appellant.
*Charles A. Spahos, Solicitor-General, Pamela M. Bettis, Assistant Solicitor-General*, for appellee.

---

[9] (Punctuation omitted.) *Schneider v. State*, 267 Ga. App. 508, 510 (2) (603 SE2d 663) (2004); see also *Dailey v. State*, 287 Ga. App. 706, 707 (1) (652 SE2d 599) (2007).

[10] See *Corbin v. State*, 287 Ga. App. 194, 196 (651 SE2d 101) (2007); *Haywood v. State*, 283 Ga. App. 568, 568-569 (642 SE2d 203) (2007); *Griffin v. State*, 241 Ga. App. 783, 784 (3) (a) (527 SE2d 577) (2000).