[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14376

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NICOLE LYNN MEECE,
a.k.a. Nikki,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cr-00123-JB-N-2

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Nicole Meece, proceeding with counsel, appeals her total sentence of 188 months' imprisonment for conspiring to possess methamphetamine with intent to distribute and attempting to distribute methamphetamine. On appeal, she argues that the district court plainly erred by counting a misdemeanor sentence in her criminal history score that she argues should have been excluded pursuant to U.S.S.G. § 4A1.2(c)(1), thus increasing her criminal history category. The relevant sentence was a sentence of 1 year's probation imposed for the misdemeanor offense which she argues was similar to the offense of hindering law enforcement, which cannot be counted in a criminal history score. See U.S.S.G. § 4A1.2(c)(1). However, both parties agree that the relevant prior sentence was actually for a violation of Ga. Code Ann. § 16-10-24.

## I.

Errors that a defendant did not raise in the district court are generally reviewed for plain error, and she must establish that there was a (1) plain (2) error (3) affecting her substantial rights. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018). To be plain, an error must have been specifically and directly resolved by the explicit language of a statute, rule, our on-point precedent, or on-point precedent from the Supreme Court. *United*

*States v. Sanchez*, 940 F.3d 526, 537 (11th Cir. 2019).  A defendant shows that an error affected her substantial rights if she shows that the court calculated an incorrect guideline range.  *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016).  Although a variance can indicate that a Guidelines error did not affect a defendant's substantial rights, there remains a reasonable probability that the error affected her sentence if the court tethered its variance to the guideline range.  *United States v. Corbett*, 921 F.3d 1032, 1040-41 (11th Cir. 2019).  If those three conditions are met, we exercise our discretion to correct an error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Rosales-Mireles*, 138 S. Ct. at 1905.

A defendant receives one criminal history point, up to four, for each of her previous sentences with a term of imprisonment of less than 60 days.  U.S.S.G. § 4A1.1(c).  A defendant has a criminal history category of II if she has three criminal history points, and a category of III if she has four.  U.S.S.G. § 5A.  However, several misdemeanor offenses can never be counted, and some cannot be counted under certain conditions.  U.S.S.G. § 4A1.2(c)(1)-(2).  This exception applies to multiple listed offenses, as well as offenses similar to the listed offenses, by whatever name they are known.  *Id.* A sentence for hindering or failing to obey a police officer is one of the listed offenses that cannot be counted under certain conditions. *Id.* (c)(1).  A sentence for that offense, or for a similar offense, is counted solely if (1) the sentence imposed more than 1 year of probation or at least 30 days' imprisonment, or (2) the prior offense is

similar to a current offense. *Id.* To determine whether an unlisted offense is similar to a listed offense, courts must use a common sense approach that considers relevant factors including (1) a comparison of punishments imposed for the offenses; (2) the perceived seriousness of the offense as indicated by the level of punishment; (3) the elements of the offense; (4) the level of culpability involved; and (5) whether the offense suggests a likelihood of reoffending. *Id.* comment. (n.12(A)).

In a comment concerning the difference between a prior sentence and an instant offense, the Guidelines state that the conduct that constitutes the instant offense includes relevant conduct under U.S.S.G. § 1B1.3. U.S.S.G. § 4A1.2(a) comment. (n.1). Section 1B1.3 states that relevant conduct includes the defendant's actions in the course of attempting to avoid detection or responsibility for her offense. U.S.S.G. § 1B1.3(a)(1)(A). As noted above, a prior sentence that might not otherwise count one criminal history point nevertheless will count if the prior offense is similar to an instant offense. And, as noted in this paragraph, such an instant offense is deemed to include its relevant conduct.

In *Garcia-Sandobal*, we considered whether the offense for which a defendant was previously sentenced was more similar to a listed offense for which a defendant could never receive criminal history points under § 4A1.2(c), or listed offenses that could result in points under certain conditions. *United States v. Garcia-Sandobal*, 703 F.3d 1278, 1283-85 (11th Cir. 2013). We applied the above common sense five-factor test contemplated by the Guidelines and

21-14376                Opinion of the Court                5

explained that it requires courts to consider the underlying facts of the defendant's conviction. *Id.* at 1284. We further explained that any doubts should be resolved in favor of counting an offense because the Guidelines' default rule for past offenses is one of inclusion, and the defendant has the burden of showing that an exception applies. *Id.* Although the definitions of the listed offenses are matters of federal law, we look to state law for guidance. *Id.*

In Georgia, a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of her official duties is guilty of a misdemeanor. Ga. Code Ann. § 16-10-24(a). The elements of this offense are (1) knowingly and willfully (2) obstructing (3) any law enforcement officer in the lawful discharge of her official duties. *United States v. Dennis*, 26 F.4th 922, 930 (11th Cir. 2022). This offense is purposefully broad and covers conduct that might not otherwise be unlawful but for its obstruction of law enforcement officers. *Berrian v. State*, 608 S.E.2d 540, 541 (Ga. Ct. App. 2004). Examples of violations of this offense include fleeing from police officers after a lawful command to halt, refusing to provide identification, lying to officers, or slapping an officer. *Beckom v. State*, 648 S.E.2d 656, 659 (Ga. Ct. App. 2007). In Georgia, misdemeanor offenses can be punished by as much as 12 months' imprisonment or confinement in a probation detention center. Ga. Code Ann. § 17-10-3(a)(1)-(2). The sentencing judge may also impose probation. *Id.* (b).

An issue not prominently raised on appeal or raised without supporting arguments and authorities is abandoned, but we can

consider it *sua sponte* if a forfeiture exception applies and extraordinary circumstances warrant review. *United States v. Smith*, 967 F.3d 1196, 1204 n.5 (11th Cir. 2020); *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*), *cert. denied* (U.S. Oct. 3, 2022) (No. 21-1468).

Apparently acknowledging that her Ga. Code Ann. § 16-19-24(a) prior offense is not the same as hindering or failing to obey an officer, Meece argues on appeal only that it is similar to it, and therefore should not have been counted in her criminal history score. Because Meece concedes there was no objection in the district court, she must of course establish plain error. We conclude that Meece has not established the plainness prong of plain error. Her PSI stated that she had a prior Georgia state sentence of 1 year's probation imposed for "Willful Obstruction of Law Enforcement Officers." However, the PSI did not provide the circumstances of that offense, and Meece has not provided further information on appeal. As noted above, the Guidelines conditionally exclude sentences for hindering or failure to obey a police officer, or for a similar offense, by whatever name the offense is known. § 4A1.2(c)(1). Any error here was not plain for two reasons.

First, any error was not plain under the test to determine whether an unlisted offense is similar to a listed offense, which requires courts to adopt a common sense approach and identifies five factors for consideration. *See* § 4A1.2(c) comment. (n.12(A)). Applying that test in a different context, this Court has explained that courts must consider the underlying facts of the defendant's prior

conviction. *See Garcia-Sandobal*, 703 F.3d at 1283-85. Without any evidence of the conduct underlying Meece's prior conviction, this test does not plainly result in a conclusion that her prior conviction for willfully obstructing law enforcement officers was similar to hindering or failing to obey a police officer. *See id.* Several of those five factors especially do not plainly support such a conclusion without evidence of her underlying conduct: the level of culpability involved, the seriousness of the offense, and whether the offense suggested a likelihood of reoffending. *See* § 4A1.2(c) comment. (n.12(A)). The breadth of conduct that can be punished under § 16-10-24(a) similarly prevents those factors from plainly indicating similarity. *See e.g., Beckom*, 648 S.E.2d at 659. Meece does not argue on appeal that her offense did not suggest a likelihood of reoffending, and has, thus, abandoned that issue. *See Smith*, 967 F.3d at 1204 n.5. The perceived seriousness of the offense as indicated by the level of punishment, does not plainly indicate similarity here given that she was sentenced to 1 year's probation, making her term of probation a day short of requiring that the offense be included. *See* § 4A1.2(c)(1). Meece does not cite any authorities that could show plain error in support of her plainness argument besides § 4A1.2(c)(1) and *Garcia-Sandobal*. Because neither explicitly resolves whether her prior offense was similar to hindering or failing to obey an officer, she has failed to show plain error. *See Sanchez*, 940 F.3d at 537.

A second, and an independent, reason that there is no plain error here is as follows. Even if Meece could establish that her prior

§ 16-10-24 offense were similar to the excluded hinder or fail to obey offense, the prior offense nevertheless would be counted as one criminal history point because it is arguably similar to the relevant conduct of her instant offense when she removed her ankle monitor and absconded during her pretrial release. At least, the lack of similarity to the relevant conduct of the instant offense is not clear or plain and obvious.[1]

We conclude that Meece has failed to show that any error here was plain. *See Sanchez*, 940 F.3d at 537. Thus, we affirm her sentences.

## II.

Although we affirm Meece's sentences, there are clerical errors in her judgment. We may *sua sponte* raise typographical errors in a judgment and remand with instructions to correct the errors. *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). Her judgment solely cited 21 U.S.C. § 846, omitting citations that were included in the indictment to the applicable penalty provision, 21 U.S.C. § 841(b)(1)(A), and the section criminalizing the offenses Meece conspired and attempted to commit, § 841(a)(1). Thus, we remand to the district court with instructions to amend the judgment to correct the clerical errors.

---

[1] In any event, Meece's brief on appeal includes only a conclusory, single sentence arguing that her prior offense is not similar to her instant offense. Therefore, she has abandoned that argument.

**AFFIRMED IN PART; REMANDED IN PART.**