## A05A0173. SHAHEED v. THE STATE.
(607 SE2d 897)

ELDRIDGE, Judge.

Following a bench trial, Aaron Shaheed was convicted of driving under the influence in violation of OCGA § 40-6-391 (a) (1) (less safe driver), no proof of insurance, and an expired license plate.[1] Shaheed appeals from the August 24, 2004 order denying his amended motion for new trial,[2] alleging that the evidence was insufficient to support a conviction under OCGA § 40-6-391 (a) (1), driving under the influence of alcohol to the extent that it is less safe for the person to drive, and that his trial counsel was ineffective. Because the State provided no evidence that Shaheed was a less safe driver as a result of being under the influence of alcohol, we reverse that conviction.

1. On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[4] So viewed, the evidence shows that on December 31, 2002, Officer Devell Andrews of the City of Clarkston Police Department, observed Shaheed driving a vehicle with a tag positioned so that the validation date of the tag was not visible. Using the computer in his patrol car, Officer Andrews ran the tag number through the Georgia Crime Information Center ("GCIC") and discovered that the tag had expired on October 29, 2001. Based on this information, Officer Andrews initiated a traffic stop of the vehicle Shaheed was driving.

Once stopped, Officer Andrews approached Shaheed's vehicle and requested Shaheed's driver's license and proof of insurance. Shaheed was able to provide Officer Andrews with a driver's license, but was unable to produce proof of current insurance. Officer Andrews requested that Shaheed step out of his vehicle. After Shaheed exited his vehicle, Officer Andrews detected a strong order of alcohol coming from Shaheed's person and asked if he had been drinking. Shaheed responded to Officer Andrews' question in the affirmative. Shaheed refused Officer Andrews' request that he submit to field sobriety evaluations. Officer Andrews took Shaheed into custody,

---

[1] At the close of the State's evidence, the charge of improperly transferred license plate was nolle prossed.

[2] Shaheed's initial appeal from the October 31, 2003 order denying his motion for new trial was remanded to the trial court to allow Shaheed to assert ineffective assistance of counsel claims.

[3] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

placed him in the rear seat of his patrol car, read him the implied consent notice for suspects age 21 and over, and requested that he submit to a chemical test of his breath. Shaheed refused. Shaheed was taken to the jail, where Officer Andrews once again read him the implied consent notice for suspects age 21 and over and, once more, requested him to submit to a chemical test of his breath. Shaheed again refused.

At trial, Shaheed testified that the odor of alcohol that Officer Andrews detected came from an open container of beer that his brother, who was a passenger in his car, was drinking. Shaheed further testified that Officer Andrews or the officer assisting him never requested that he submit to field sobriety evaluations and that he refused to submit to the requested chemical test of his breath because he was upset that an expired tag stop resulted in his arrest for driving under the influence.

> The crime of driving while under the influence to the extent that it is less safe to drive requires showing three elements: (1) driving, (2) under the influence of alcohol, (3) to the extent that it is less safe for the person to drive. OCGA § 40-6-391 (a) (1). The third element requires proof of impaired driving ability, but not an actual unsafe act.[5]

In this case, Officer Andrews testified that Shaheed admitted that he had been drinking. However, "impaired driving ability depends solely upon an individual's response to alcohol. Because individual responses to alcohol vary, the presence of alcohol in a defendant's body, by itself, does *not* support an inference that the defendant was an impaired driver."[6] Further, while Shaheed's refusal to submit to chemical testing may "be considered as positive evidence creating an inference that the test would show the presence of alcohol,"[7] it also does not create an inference that he had impaired driving ability as a result of drinking alcohol.[8]

Here, there was no evidence that Shaheed's driving was impaired as a result of his ingesting alcohol. Officer Andrews did not testify that Shaheed was staggering, that his speech was slurred, or that there was anything unusual or erratic about his driving. In fact,

---

[5] (Citations omitted.) *Guzman v. State*, 262 Ga. App. 564, 567 (1) (a), n. 1 (586 SE2d 59) (2003).

[6] (Punctuation and footnote omitted.) *Baird v. State*, 260 Ga. App. 661, 663 (1) (580 SE2d 650) (2003).

[7] (Punctuation omitted.) *Bravo v. State*, 249 Ga. App. 433, 434 (2) (548 SE2d 129) (2001).

[8] *Baird v. State*, supra at 663 (1).

Officer Andrews testified that he did not follow Shaheed long enough to form an opinion about his driving habits, that during the time he did observe his driving habits, Shaheed did not commit any traffic violations, and that he based his opinion that Shaheed was a less safe driver solely on the smell of alcohol on his person and his refusal to submit to field sobriety tests and chemical testing.

> Accordingly, because there was nothing from which the jury could have inferred that [Shaheed] was under the influence of [alcohol] *to the extent that he was a less safe driver*, such as additional evidence of his physical condition or conduct at the time of [his] arrest, his conviction and sentence for violation of OCGA § 40-6-391 (a) [(1)] must be set aside.[9]

From the sentence entered upon Shaheed's convictions, it is impossible to determine what portion of that sentence is attributable to the conviction for violation of OCGA § 40-6-391 (a) (1), driving under the influence to the extent it is less safe to drive. Therefore, we vacate the sentence on the remaining convictions and remand this case to the trial court for resentencing on those counts.

2. In light of our decision in Division 1, Shaheed's remaining enumeration of error is moot.

*Judgment reversed for the offense of driving under the influence to the extent it is less safe to drive. Judgment affirmed as to the other convictions and case remanded for resentencing on those counts. Blackburn, P. J., and Miller, J., concur.*

DECIDED DECEMBER 1, 2004.

*Jennifer F. Snyder*, for appellant.
*Gwendolyn R. Keyes, Solicitor-General, James H. Wall, Assistant Solicitor-General*, for appellee.

---

[9] (Citations and punctuation omitted.) *Bowen v. State*, 235 Ga. App. 900, 902 (510 SE2d 873) (1999).