### A05A1163. JONES v. THE STATE.

(614 SE2d 820)

BLACKBURN, Presiding Judge.

Following a jury trial, Robert K. Jones appeals his conviction for driving under the influence ("DUI") and other traffic offenses, challenging the sufficiency of the evidence and arguing that giving a jury charge from the implied consent statute was improper. We hold that, beyond the evidence of Jones's smelling of alcohol and of his blood-shot, glazed-over eyes, the evidence of Jones's erratic driving and of his refusal to undergo field sobriety or chemical tests sustains his DUI conviction. We have previously upheld the challenged jury charge. Accordingly, we affirm.

Construed in favor of the verdict, the evidence shows that several witnesses observed Jones's erratic driving of his car, including his rear-ending a stopped vehicle while traveling 35 mph and then attempting in a bizarre fashion to escape in his damaged car. Police arrived before Jones went far and pulled him over. Police found Jones smelling strongly of alcohol and in a dazed state with glassy, blood-shot eyes and with a half-empty bottle of vodka on the floorboard. Lethargic and unsteady, Jones declined police requests to undergo field sobriety tests. After being arrested and receiving an implied consent warning, he also refused to submit to chemical tests.

Charged with DUI (less safe), leaving the scene of an accident, failing to have proof of insurance, and following too closely, Jones was tried by a jury, which found him guilty on all counts. He appeals.

1. Regarding Jones's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and Jones no longer enjoys the presumption of innocence. *Short v.*

*State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find Jones guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

Jones was convicted of driving a vehicle while under the influence of alcohol to the extent that it was less safe for him to drive.[3] On appeal, Jones does not dispute that he smelled of alcohol or that his eyes were bloodshot, dazed, and glassy; rather, citing *Clay v. State*,[4] he argues that such evidence alone is insufficient to sustain the conviction, as it does not show impairment. Jones ignores, however, that the record is replete with other evidence of his impaired state.

> Methods of proof [to show impairment] may include evidence of (i) erratic driving behavior, (ii) refusal to take field sobriety tests and the breath or blood test, and (iii) the officer's own observations (such as smelling alcohol and observing strange behavior) and resulting opinion that the alcohol made it less safe for the defendant to drive.

*Drogan v. State.*[5] Here the State used all three methods.

(a) *Manner of driving.* "When there is evidence that the defendant has been drinking, the manner of his driving may be considered on the question of whether he has been affected by alcohol to the extent that he is less safe to drive." *Pecina v. State.*[6] For example, traffic violations may "suggest the negative influence of intoxication on the operation of the vehicle." *In the Interest of C. P. M.*[7] See *Drogan,* supra at 645 (running red light and failing to yield right of way); *Kelly v. State*[8] (speeding through stop sign). Rear-ending a clearly visible vehicle may similarly demonstrate intoxicated impairment. See *Shoemake v. State;*[9] *Belyeu v. State.*[10] Other erratic or bizarre driving behavior may also show an impaired state. *Long v. State*[11] (inexplicably flashing high-beam lights at officer); *Johnson v. State*[12] (coming up fast behind other cars and abruptly passing them).

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See OCGA § 40-6-391 (a) (1).

[4] *Clay v. State*, 193 Ga. App. 377, 378-379 (2) (387 SE2d 644) (1989).

[5] *Drogan v. State*, 272 Ga. App. 645, 647 (1) (b) (613 SE2d 195) (2005).

[6] *Pecina v. State*, 274 Ga. 416, 419 (2) (554 SE2d 167) (2001).

[7] *In the Interest of C. P. M.*, 213 Ga. App. 761, 763 (446 SE2d 242) (1994).

[8] *Kelly v. State*, 242 Ga. App. 30, 31 (1) (528 SE2d 812) (2000).

[9] *Shoemake v. State*, 266 Ga. App. 342, 345 (3) (b) (596 SE2d 805) (2004).

[10] *Belyeu v. State*, 262 Ga. App. 682, 683 (1) (586 SE2d 396) (2003).

[11] *Long v. State*, 271 Ga. App. 565, 566 (1) (610 SE2d 74) (2004).

[12] *Johnson v. State*, 249 Ga. App. 29, 31-32 (2) (546 SE2d 922) (2001).

Here, the evidence showed that Jones pulled out of a parking lot into traffic without stopping. Going 35 mph, he then rear-ended a large SUV that had been stopped at a red light for some time, pushing the SUV into the intersection. Making no attempt to communicate with the SUV driver, Jones maneuvered his badly damaged vehicle into a parking lot away from the SUV and then quickly left that parking lot, nearly striking another vehicle. He pulled into a second parking lot and drove around in circles. Despite the SUV driver's approaching him, making eye contact with him, and requesting him to stop, Jones fled the second parking lot. Activating their blue lights, police had to pull him over down the road to end the escape. This erratic, dangerous behavior more than demonstrated an impaired state.

(b) *Refusal to undergo tests.* Refusal to submit to field sobriety tests or to take state-administered chemical tests is admissible as circumstantial evidence of intoxication and together with other evidence "would support an inference that [Jones] was an impaired driver." *Long,* supra at 567 (1). See *Johnson,* supra at 31 (2). Compare *Shaheed v. State*[13] (refusal to submit to chemical testing will not alone show impairment). Here, Jones refused to submit to either set of tests.

(c) *Officers' observations and opinion.* Beyond the strong smell of alcohol coming from Jones, the presence of a half-empty bottle of vodka in the car, and Jones's glazed-over look in his bloodshot eyes, police observed Jones respond very slowly to questions, act lethargically, and appear confused. They further saw him act unsteadily in that he could not keep his balance and had to lean up against his car. He needed support to exit his vehicle. Such evidence also showed impairment. See *Price v. State*[14] (walking unsteadily and leaning on car to maintain balance shows impairment). Indeed, based on Jones's appearance and behavior, the experienced officer observing Jones testified that, in his opinion, Jones was intoxicated to the extent that it was less safe for him to drive. See *Lewis v. State*[15] ("[a] police officer may give opinion testimony as to the state of sobriety of a DUI suspect and whether appellant was under the influence to the extent it made him less safe to drive").

Jones cites to *State v. Gray*[16] for the proposition that a driver involved in an accident where the air bags deploy may not be convicted of DUI based on his dazed, confused actions that could be

---

[13] *Shaheed v. State,* 270 Ga. App. 709, 710 (1) (607 SE2d 897) (2004).

[14] *Price v. State,* 269 Ga. 222, 226 (6) (498 SE2d 262) (1998).

[15] *Lewis v. State,* 214 Ga. App. 830, 832 (1) (449 SE2d 535) (1994).

[16] *State v. Gray,* 267 Ga. App. 753, 755-756 (2) (600 SE2d 626) (2004).

attributed to the air bag deployment. But *Gray* only held that *where the trier of fact finds* that the air bag — not the intoxication — caused these actions, an appellate court must affirm where evidence supports that finding. See *State v. Ellison*.[17] Here, the jury found that the intoxication caused Jones's appearance and bizarre actions; accordingly, as evidence supported such, we affirm.

2. Jones complains that the court instructed the jury from the implied consent statute (OCGA § 40-5-55 (a)) that the State of Georgia considers that persons who are under the influence of alcohol while operating a motor vehicle constitute a direct and immediate threat to the welfare and safety of the general public, and that therefore all drivers are deemed under specified circumstances to have given consent to certain chemical tests. Citing *Bishop v. State*,[18] Jones argues that jury charges should not include language used by appellate courts to explain the rationale of a legal principle. Noting that this language comes from the statute itself, not from an appellate court opinion, we have twice rejected this same argument and have held that this very jury instruction is proper. *Brantley v. State*;[19] *Trotter v. State*.[20] We see no reason to overrule these binding cases.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED MAY 6, 2005.

*Gerald W. Brown*, for appellant.
*Ralph W. Powell, Jr., Solicitor-General, Kevin D. Gonzalez, Assistant Solicitor-General*, for appellee.

---

[17] *State v. Ellison*, 271 Ga. App. 898, 901, n. 7 (611 SE2d 129) (2005).
[18] *Bishop v. State*, 271 Ga. 291, 293-294 (5) (519 SE2d 206) (1999).
[19] *Brantley v. State*, 199 Ga. App. 623, 626 (8) (405 SE2d 533) (1991).
[20] *Trotter v. State*, 179 Ga. App. 314, 315 (2) (346 SE2d 390) (1986).