A05A1419. HOFFMAN v. THE STATE.
(620 SE2d 598)

PHIPPS, Judge.

Andrew M. Hoffman was convicted after a bench trial of driving under the influence of alcohol (DUI) to the extent it was less safe for him to drive. On appeal, he contends that the evidence was insufficient to sustain his conviction and that the court shifted the burden of proof to the defense. Because the record does not support either contention, we affirm.

1. Hoffman challenges the sufficiency of the evidence.

On appeal from a bench trial, we view the evidence with all inferences in favor of the factfinder's conclusion, giving due regard to the trial court's opportunity to judge witness credibility. [Cit.] The issue before us is whether the evidence was sufficient at trial to support a conviction under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[1]

The trial court found that Hoffman had violated OCGA § 40-6-391 (a) (1), which provides, "A person shall not drive or be in actual physical control of any moving vehicle while . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive." "The crime of driving while under the influence to the extent that it is less safe to drive requires showing three elements: (1) driving, (2) under the influence of alcohol, (3) to the extent that it is less safe for the person to drive."[2]

The sole witness at trial was Corporal James Dahlquist of the Cobb County Police Department, who had completed training courses covering DUI, manifestations of being under the influence of alcohol, and field sobriety evaluations. At about 2:30 a.m. on January 4, 2003, he observed a car whose driver failed to dim the headlights for two oncoming vehicles. Therefore, Dahlquist followed the car and soon observed its speed reduced to "what was slower than normal turning speed." The car then "drifted" to the left toward the centerline before making a "wide" right turn. Shortly thereafter, Dahlquist saw the car again "going out more into the intersection" before making another right turn. Based on these maneuvers, which indicated to Dahlquist that the driver might be impaired, Dahlquist stopped the vehicle and walked to the driver-side window. When the driver, Hoffman, rolled down his window, Dahlquist immediately smelled a strong odor of alcoholic beverage. As Hoffman answered his questions, Dahlquist noted an even stronger odor of alcoholic beverage. Dahlquist noted that Hoffman's face was flushed and his eyes were bloodshot. He asked Hoffman whether he had consumed any alcohol that night, and Hoffman answered that he had drunk one beer. Hoffman refused to submit to an alco-sensor test and to field sobriety evaluations. Dahlquist formed an opinion, based upon Hoffman's driving maneuvers, his odor of alcohol, and his physical appearance, that Hoffman

---

[1] *Larsen v. State*, 253 Ga. App. 196, 196-197 (558 SE2d 418) (2002).

[2] *Shaheed v. State*, 270 Ga. App. 709, 710 (1) (607 SE2d 897) (2004) (footnote omitted).

was under the influence of alcohol to the extent that he was a less safe driver. Dahlquist arrested Hoffman for DUI.

Hoffman argues that there was no evidence of the third element — that his driving ability was impaired by alcohol. He claims that the state's case contained weaknesses, including no evidence of any illegal driving maneuver other than failing to dim his headlights for oncoming traffic.

A police officer may give opinion testimony as to the state of sobriety of a DUI suspect and whether the suspect was under the influence to the extent it made him less safe to drive.[3] Furthermore,

> [a] conviction under OCGA § 40-6-391 (a) (1) does not require proof that a person actually committed an unsafe act while driving; it only requires sufficient evidence to authorize a finding, beyond a reasonable doubt, that the defendant was operating or in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for [him] to drive. Circumstantial evidence may be sufficient to meet this burden of proof.[4]

And "[r]efusal to submit to field sobriety tests . . . is admissible as circumstantial evidence of intoxication and together with other evidence would support an inference that [the suspect] was an impaired driver."[5]

Contrary to Hoffman's contention, the evidence authorized the trial judge to conclude, based upon Hoffman's driving maneuvers, odor of alcohol, appearance, and refusal to submit to the field sobriety evaluations, together with Dahlquist's opinion that Hoffman was under the influence to the extent that he was a less safe driver, that Hoffman's driving ability was impaired by alcohol.[6]

2. Hoffman contends that the trial court erroneously shifted the burden of proof to the defense, citing isolated remarks made by the court while rendering its judgment. Placed in context, however, the cited remarks do not support Hoffman's contention. The remarks were part of the court's summary of the evidence; they do not show that the court had shifted the burden of proof to the defense.[7]

---

[3] *Lewis v. State*, 214 Ga. App. 830, 832 (1) (449 SE2d 535) (1994).

[4] *Long v. State*, 271 Ga. App. 565, 567 (1) (610 SE2d 74) (2004) (citation and footnote omitted).

[5] *Jones v. State*, 273 Ga. App. 192, 194 (1) (b) (614 SE2d 820) (2005) (citations and punctuation omitted).

[6] See id. at 192-194 (1) (a)-(c); *Drogan v. State*, 272 Ga. App. 645, 646-647 (1) (b) (613 SE2d 195) (2005); *Long*, supra at 566-567.

[7] See generally *Ward v. State*, 262 Ga. 293, 296 (6) (a) (417 SE2d 130) (1992); *Taylor v. State*, 271 Ga. App. 701, 705 (4) (610 SE2d 668) (2005).

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 1, 2005.

*Jeremy E. Citron*, for appellant.
*Barry E. Morgan, Solicitor-General, Latonia P. Hines, Assistant Solicitor-General*, for appellee.