## A06A1231. LEE v. THE STATE.
### (634 SE2d 837)

MIKELL, Judge.

Following a bench trial, Marcus Thomas Lee was convicted of driving under the influence of alcohol ("DUI") to the extent that he was a less safe driver, speeding, and violating the open container law. He appeals his DUI conviction, challenging the sufficiency of the evidence. We affirm.

> On appeal from a bench trial, we view the evidence with all inferences in favor of the factfinder's conclusion, giving due regard to the trial court's opportunity to judge witness credibility. The issue before us is whether the evidence was sufficient at trial to support a conviction under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[1]

So viewed, the evidence shows that on May 4, 2005, at approximately 1:35 a.m., Officer Michael Lowe of the Clayton County Police Department was operating a stationary laser at Rockhill Road and Highway 85 in Clayton County when he saw a car which he estimated by sight to be traveling 65 miles per hour in a 45 miles per hour zone. After his radar confirmed the car was traveling 64 miles per hour, Lowe stopped the car and approached its driver, Lee, who stated that "he wasn't going that fast." Lowe smelled a strong odor of an alcoholic beverage on Lee's breath and observed that he had red, glassy eyes and slurred speech. Lee denied that he had been drinking.

After Lee refused an alco-sensor test, Lowe asked him to step out of the car. As Lee exited the vehicle, Lowe noticed that he raised his hands above his head. Lowe told Lee to put down his hands and then briefly turned away. When he turned back, Lee had raised his hands again. Lowe again advised Lee to lower his hands and Lee complied. According to Lowe, "[w]e went through this several more times; he would raise his hands, I'd tell him to put his hands down, he'd put them back down." When Lowe finally persuaded Lee to keep his hands down and stand still, he noticed that Lee swayed. Lee refused to perform any field sobriety tests. Lowe, who has been "on the road for three years" and has made approximately 250 DUI arrests, formed an opinion, based upon Lee's red, glassy eyes, his slurred speech, the odor of alcohol on his breath and person, and his sway, that Lee was under the influence of alcohol to the extent that he was

---

[1] (Citation, punctuation and footnote omitted.) *Hoffman v. State*, 275 Ga. App. 356, 357 (1) (620 SE2d 598) (2005).

a less safe driver. Lowe arrested Lee for DUI and read his implied consent rights to him. Lee did not respond when asked if he would submit to a state-administered blood test. Officers found a half-empty bottle of cognac in the passenger seat of Lee's car and an empty beer bottle, still cold to the touch, in the back seat.

OCGA § 40-6-391 (a) (1) provides that, "[a] person shall not drive or be in actual physical control of any moving vehicle while: . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive." The crime of driving while under the influence to the extent that it is less safe to drive does not require proof that a person actually committed an unsafe act while driving; rather, it requires showing three elements: (1) driving, (2) under the influence of alcohol, (3) to the extent that it is less safe for the person to drive.[2] "Circumstantial evidence may be sufficient to meet this burden of proof."[3]

Lee contends his conviction should be reversed because there is no evidence that alcohol impaired his ability to drive safely. Specifically, he claims there was no evidence that he was driving erratically or suspiciously other than speeding; no evidence that he fumbled for his license and proof of insurance; no evidence that he had difficulty exiting his vehicle or walking when handcuffed; and no evidence that he had been drinking from either bottle discovered in his vehicle. These claims, however, were considered by the trial court and obviously rejected. "As long as there is some evidence, even though contradicted, to support each necessary element of the [s]tate's case, the verdict will be upheld."[4] Here, Lowe testified that Lee smelled of alcohol, he was speeding, his eyes were red and glassy, his speech was slurred, he refused to submit to any field sobriety tests,[5] he swayed while standing still, he had two open containers in his vehicle, and he acted oddly when he raised his hands several times despite Lowe's admonitions. This evidence, coupled with Lowe's opinion that he was impaired, authorized the trial court to find beyond a reasonable doubt that Lee was guilty of DUI to the extent that he was a less safe driver.[6]

---

[2] See id. at 358 (1); *Shaheed v. State*, 270 Ga. App. 709, 710 (1) (607 SE2d 897) (2004).

[3] (Citations omitted.) *Self v. State*, 232 Ga. App. 735, 736 (2) (503 SE2d 625) (1998).

[4] (Citation and footnote omitted.) *Berry v. State*, 274 Ga. App. 831 (1) (619 SE2d 339) (2005).

[5] *Hoffman*, supra ("refusal to submit to field sobriety tests is admissible as circumstantial evidence of intoxication and together with other evidence would support an inference that the suspect was an impaired driver") (punctuation and footnote omitted).

[6] See id. (odor of alcohol, bloodshot eyes, and refusal to submit to field sobriety tests sufficient to support conviction despite fact that defendant committed no illegal driving maneuver); *Waits v. State*, 232 Ga. App. 357, 358 (1) (501 SE2d 870) (1998) (evidence that defendant smelled strongly of alcohol, had red, glassy eyes, slurred his speech and could not maintain his balance sufficient to support opinion that defendant was a less safe driver); *Collins v. State*, 177 Ga. App. 758, 759 (2) (341 SE2d 288) (1986) (evidence that defendant was speeding,

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 26, 2006.

*George C. Creal, Jr.*, for appellant.
*Leslie Miller-Terry, Solicitor-General, Tasha M. Mosley, Assistant Solicitor-General*, for appellee.

---

smelled strongly of alcohol, and was glassy-eyed, was sufficient to enable trial court to find defendant guilty of DUI to the extent that he was a less safe driver). But see *Shaheed*, supra at 711 (1) (evidence that defendant smelled of alcohol and refused to submit to field sobriety test and chemical testing insufficient to support officer's opinion that defendant was a less safe driver).