A07A0603. FEREGA v. THE STATE.
(650 SE2d 286)

ADAMS, Judge.

Philip Ferega appeals from the trial court's denial of his motion for new trial after he was convicted in a bench trial of one count of driving under the influence of alcohol and one count of failure to maintain lane. We affirm.

On December 7, 2003, a Forsyth County Sheriff's deputy observed Ferega's car jerk back and forth quickly, then start to drift back and forth between the road's centerline and the fog line, striking the fog line. The officer initiated a traffic stop. As Ferega was stopping his vehicle, he continued driving in the emergency lane for some distance before coming to a complete stop. When Ferega got out of his car, he was a little unsteady on his feet, and he left the driver's side door open to the roadway. As the two talked, the officer detected a

strong odor of alcohol coming from Ferega's facial area. The officer stated that Ferega's eyes were bloodshot and glazed, and his face was pale.

In response to the officer's questions, Ferega admitted that he had consumed alcohol earlier, and the officer noticed that his speech was thick and slurred. Later, the officer observed Ferega stumble, causing him to cross his legs to maintain his balance. With Ferega's permission to look into his eyes, the officer performed the horizontal gaze nystagmus test and observed that Ferega exhibited signs of all six indicators on the test. The officer then asked Ferega to perform the walk and turn test and the one-leg stand test. The officer told Ferega that those tests were voluntary, and he refused to perform them or to submit to the alco-sensor test. During these conversations, Ferega became extremely nervous. Based upon his observations of Ferega and his driving, as well as the indicators from the HGN test, the officer determined that Ferega was under the influence of alcohol to the extent that he was less safe to drive, and he placed Ferega under arrest for DUI. The officer then read Ferega the implied consent warnings, and Ferega later refused to submit to a blood-alcohol test.

Ferega asserts as his sole enumeration of error that the trial court erred in improperly admitting and considering evidence of Ferega's refusal to submit to voluntary field sobriety tests. He asserts that this refusal was a communicative, or testimonial, act subject to Fifth Amendment protection against self-incrimination, whether he was in custody or not. This argument is without merit.

It is well settled that the Fifth Amendment "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature." (Citation and punctuation omitted.) *Pennsylvania v. Muniz*, 496 U. S. 582, 589 (II) (110 SC 2638, 110 LE2d 528) (1990). "In order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information. Only then is a person compelled to be a 'witness' against himself." (Citation and punctuation omitted.) Id. It follows, therefore, that evidence that is not testimonial in nature does not fall within the privilege. *Schmerber v. California*, 384 U. S. 757, 761, n. 5 (86 SC 1826, 16 LE2d 908) (1966). And "[t]he [U. S. Supreme] Court has held repeatedly that the Fifth Amendment is limited to prohibiting the use of 'physical or moral compulsion' exerted on the person asserting the privilege." (Citation and punctuation omitted.) *South Dakota v. Neville*, 459 U. S. 553, 562 (II) (103 SC 916, 74 LE2d 748) (1983).

Applying these principles, the U. S. Supreme Court determined that the admission of evidence of a defendant's blood sample does not

violate the Fifth Amendment, because such evidence is not testimonial in nature. *Schmerber v. California*, 384 U. S. at 764-765. And the Supreme Court held that the admission of evidence showing that the defendant refused to submit to a blood test was not subject to the privilege against self-incrimination "[s]ince no impermissible coercion is involved when the suspect refuses to submit to take the test, regardless of the form of refusal." (Footnote omitted.) *South Dakota v. Neville*, 459 U. S. at 562 (II).

Likewise, this Court has concluded that the "[r]efusal to submit to field sobriety tests . . . is admissible as circumstantial evidence of intoxication and together with other evidence would support an inference that [the suspect] was an impaired driver." (Citations and punctuation omitted.) *Jones v. State*, 273 Ga. App. 192, 194 (1) (b) (614 SE2d 820) (2005). See also *Hoffman v. State*, 275 Ga. App. 356, 358 (1) (620 SE2d 598) (2005). The element of coercion necessary to trigger Fifth Amendment protection was clearly absent in this case where Ferega was specifically told that the tests were voluntary and he refused to take them.

Accordingly, the trial court was entitled to rely upon this evidence, in conjunction with the other evidence at trial, in determining whether Ferega was guilty of DUI. *Bravo v. State*, 249 Ga. App. 433, 434 (1) (548 SE2d 129) (2001). And we find that the evidence of record was sufficient to support Ferega's convictions.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 29, 2007 —
RECONSIDERATION DENIED JULY 26, 2007 — ▮▮▮▮▮

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Leslie C. Abernathy, Solicitor-General*, for appellee.