## A07A1673. YGLESIA v. THE STATE.

(653 SE2d 823)

MIKELL, Judge.

Following a bench trial, Alfred Blanco Yglesia[1] was found guilty of driving under the influence of alcohol to the extent that he was less safe to drive (DUI less safe) and speeding by driving 70 miles per hour in a 45-mph zone. He was found not guilty of driving with an unlawful alcohol concentration (DUI per se) and a second count of speeding, exceeding the maximum posted speed limit. On appeal from the denial of his motion for a new trial, Yglesia contends in his sole enumeration of error that the evidence was insufficient to support his conviction for DUI less safe. We disagree and affirm.

On appeal from a criminal conviction following a bench trial, Yglesia "no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the trial court's finding of guilt,"[2] "giving due regard to the trial court's opportunity to judge witness credibility."[3] "[T]his [C]ourt does not weigh the evidence or determine the credibility of witnesses. Rather, we determine only if there is enough evidence from which a rational trier of fact could have found the accused guilty beyond a reasonable doubt."[4]

So viewing the evidence, the record reflects that at 12:51 on the morning of May 27, 2004, Officer G. Jason Reed II of the Gwinnett County Police Department, an officer of four years' experience with the Department and with training in the enforcement of Georgia's DUI laws, testified at trial that he stopped Yglesia after observing his truck traveling at 70 miles per hour on Peachtree Industrial Boulevard, a surface street with a posted 45-mph speed limit. When Yglesia exited his car, Reed smelled a strong odor of alcohol on Yglesia's breath. Reed observed that Yglesia's eyes were bloodshot and "sleepy looking," and that Yglesia had to steady himself against the side of his truck as he walked. Yglesia performed two field sobriety tests which indicated impairment. Yglesia told Officer Reed that he had had a couple of drinks but that he was not drunk. Based on his observations and on his experience and training, Officer Reed determined that Yglesia was not safe to drive, placed him under arrest, and read to him the implied consent notice. Yglesia agreed to submit to the state-administered breath test. The first breath test given showed

---

[1] The record before us refers to Yglesia variously as "Alfred," "Alfredo," and "Andrew." We granted appellant's motion to show his name on appeal as "Alfred."

[2] (Footnote omitted.) *Sistrunk v. State,* 287 Ga. App. 39 (651 SE2d 350) (2007).

[3] (Footnote omitted.) *Lee v. State,* 280 Ga. App. 706 (634 SE2d 837) (2006).

[4] (Footnotes omitted.) *Gamble v. State,* 283 Ga. App. 326 (1) (641 SE2d 556) (2007). See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

0.109 grams; the second showed 0.110 grams. At trial, Yglesia admitted that he had had six alcoholic drinks beginning at 8:00 p.m. that evening.

Yglesia argues that his speeding violation cannot be used as an indication that he was a less safe driver. This argument fails for two reasons: first, a conviction for DUI less safe "does not require proof that a person actually committed an unsafe act while driving";[5] second, this Court has ruled that "the commission of a traffic violation can constitute evidence that a driver is impaired."[6]

Yglesia also points to evidence that he cooperated with the officer; that he did not fumble or delay in presenting the officer with his license; that the field sobriety tests were invalid due to a head injury Yglesia had previously suffered; that his bloodshot eyes were due to allergies; and that his balance was affected by a prior injury to his leg. In concluding that Yglesia was guilty of DUI less safe, however, the trial court considered the evidence presented by Yglesia and obviously rejected it. "As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, the verdict will be upheld."[7]

Further, *Brooks v. State*,[8] cited by appellant, is inapposite to the case at bar. There, this Court overturned a conviction based solely on circumstantial evidence.[9] In contrast, Yglesia's conviction is based on direct evidence: his own and the officer's testimony.

We conclude that the evidence authorized the trial judge to find beyond a reasonable doubt that Yglesia was guilty of DUI less safe, based on Yglesia's driving 70 miles per hour in a 45-mph zone; on Reed's description of Yglesia's odor of alcohol, bloodshot eyes, and lack of balance; on Yglesia's performance on the field sobriety tests; on the results of the state-administered breath tests; and on Yglesia's own testimony at trial; together with Reed's opinion that Yglesia was under the influence to the extent that he was a less safe driver.[10]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

---

[5] (Footnote omitted.) *Lee*, supra at 707.

[6] (Footnote omitted.) *Sistrunk*, supra at 40 (failure to yield at a stop sign).

[7] (Punctuation and footnote omitted.) *Lee*, supra.

[8] 206 Ga. App. 485 (425 SE2d 911) (1992).

[9] Id. at 486-487 (circumstantial evidence of cocaine hidden in cactus bush by third party insufficient to support conviction for possession with intent to distribute).

[10] See *Hoffman v. State*, 275 Ga. App. 356, 357-358 (1) (620 SE2d 598) (2005) (failure to dim lights, slow speed, wide right turn, flushed face, bloodshot eyes, refusal to submit to field sobriety tests or alco-sensor, and officer's opinion of defendant's impairment sufficiently supported conviction for DUI less safe).

DECIDED NOVEMBER 2, 2007.

*Howard J. Weintraub*, for appellant.
*Gerald N. Blaney, Jr., Solicitor-General, Julie Bedore Potts, Assistant Solicitor-General*, for appellee.