## A10A1256. JAFFRAY v. THE STATE.

(702 SE2d 742)

DOYLE, Judge.

Following a jury trial, James Jaffray was convicted of driving under the influence to the extent that it was less safe ("DUI less safe"),[1] speeding,[2] and two counts of endangering a child by driving under the influence of alcohol.[3] Jaffray appeals, arguing that the evidence was insufficient to support the jury's verdict and that the trial court erred by (1) permitting the State to make an improper closing statement; and (2) concluding that the arresting officer had sufficient probable cause to arrest him. We affirm, for reasons that follow.

Viewed in favor of the verdict,[4] the record shows that at approximately 11:30 p.m. on November 10, 2007, Trooper James Lewis of the Georgia State Patrol observed a vehicle approaching at a high rate of speed. Lewis visually estimated that the vehicle was traveling over 70 miles per hour, and radar confirmed its speed at 79 miles per hour. The posted speed limit in that location was 55 miles per hour. The officer stopped the car and approached its driver, Jaffray. A woman, a 17-month-old girl, and a 12-year-old boy were also in the car. Lewis observed that Jaffray's eyes were watery and bloodshot, and he detected a "strong odor" of alcoholic beverage emanating from Jaffray. Lewis asked Jaffray if he had consumed any alcohol, and Jaffray responded that he had a drink at a hockey game earlier in the evening and was trying to get his children home.

Lewis asked Jaffray if he would submit to standardized field sobriety tests. Jaffray initially responded that he wanted to take a blood test, but after Lewis asked him again, Jaffray agreed to the field sobriety tests. Lewis performed the horizontal gaze nystagmus ("HGN") test and observed four out of six clues indicating impairment. At trial, Lewis testified that the test results indicated to him that Jaffray had a blood alcohol concentration ("BAC") of 0.08 or higher. Lewis opted not to perform any additional field sobriety tests because the roadway was not level, and he was concerned that it would be unsafe for himself and Jaffray. The officer did administer a portable field alco-sensor test to Jaffray, which tested positive for the presence of alcohol. At that point, Lewis concluded that Jaffray was under the influence of alcohol to the extent that he was a less safe driver based on the HGN test results, the speeding, Jaffray's watery

---

[1] OCGA § 40-6-391 (a) (1).

[2] OCGA § 40-6-181 (b) (5).

[3] OCGA § 40-6-391 (l).

[4] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

and bloodshot eyes, his slow speech, the odor of alcohol on Jaffray's breath, and his admission that he had consumed alcohol. Lewis arrested Jaffray and took him to jail, where Jaffray submitted to a State-administered breath test at 12:35 a.m., approximately one hour after he was stopped.[5] Jaffray registered a 0.073 and a 0.085 on the Intoxilyzer 5000.

1. Jaffray contends that the evidence was insufficient to sustain his convictions for DUI and child endangerment.[6] We disagree. On appeal,

> [t]his Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[7] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.[8]

As set forth in *Jackson v. Virginia*,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[9]

OCGA § 40-6-391 (a) (1) provides that "[a] person shall not drive or be in actual physical control of any moving vehicle while: . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive."

> The crime of driving while under the influence to the extent that it is less safe to drive does not require proof that a

---

[5] Lewis testified that the female passenger in the car also tested positive for the presence of alcohol, so he elected to wait at the scene until a sober driver arrived to take home the passenger and the two children.

[6] Jaffray does not challenge the sufficiency of the evidence with regard to his speeding conviction.

[7] 443 U. S. at 307.

[8] (Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

[9] (Emphasis in original.) *Jackson*, 443 U. S. at 319 (III) (B).

person actually committed an unsafe act while driving; rather, it requires showing three elements: (1) driving, (2) under the influence of alcohol, (3) to the extent that it is less safe for the person to drive.[10]

The evidence presented by the State was sufficient for any rational trier of fact to find Jaffray guilty of DUI less safe beyond a reasonable doubt. Jaffray's consumption of alcohol was established by his own testimony, the positive result from the alco-sensor test, evidence that his BAC was between 0.073 and 0.085 an hour after the incident, the smell of alcohol emanating from Jaffray, and his watery and bloodshot eyes.[11] The evidence that Jaffray was speeding constituted evidence that his driving was impaired.[12] Finally, Lewis testified that in his opinion, Jaffray was under the influence of alcohol to the extent that it was less safe for him to drive. "A police officer may give opinion testimony as to the state of sobriety of a DUI suspect and whether he was under the influence to the extent it made him less safe to drive."[13]

Jaffray argues that his conviction must be reversed because it was based solely on circumstantial evidence. This argument is unavailing. Jaffray's conviction was based in part on the testimony of the arresting officer, which constitutes direct evidence.[14] More importantly, it is well settled that "DUI may be proved solely by circumstantial evidence."[15] "And it is not necessary that the circumstantial evidence exclude every other hypothesis except that of guilt, but only reasonable inferences and hypotheses. It was for the jury to decide whether all reasonable hypotheses have been excluded."[16]

Jaffray further argues that there was no evidence that he fumbled when presenting his license to Lewis, that his speech was slurred, or that his vehicle was weaving.

In concluding that [Jaffray] was guilty of DUI less safe, however, the [jury] considered the evidence presented by [Jaffray] and obviously rejected it. As long as there is some

---

[10] *Lee v. State*, 280 Ga. App. 706, 707 (634 SE2d 837) (2006).

[11] See id.

[12] See *Wright v. State*, 304 Ga. App. 651, 652-653 (1) (697 SE2d 296) (2010) (a driver's impairment may be established by evidence that he committed a traffic violation); *Yglesia v. State*, 288 Ga. App. 217, 218 (653 SE2d 823) (2007) (" 'the commission of a traffic violation[, including speeding,] can constitute evidence that a driver is impaired' ").

[13] (Punctuation omitted.) *Davis v. State*, 301 Ga. App. 484, 487 (1) (687 SE2d 854) (2009).

[14] See *Yglesia*, 288 Ga. App. at 218.

[15] *Davis*, 301 Ga. App. at 486 (1). See *Pecina v. State*, 274 Ga. 416, 419 (2) (554 SE2d 167) (2001).

[16] (Punctuation omitted.) *Pecina*, 274 Ga. at 419 (2).

evidence, even though contradicted, to support each necessary element of the [S]tate's case, the verdict will be upheld.[17]

Under the facts of this case, the jury was authorized to find Jaffray guilty beyond a reasonable doubt of DUI less safe[18] and endangering a child by driving under the influence of alcohol.[19]

2. Jaffray further contends that the trial court erred by permitting the State to argue in its closing statement to the jury that his BAC was over the legal limit at the time of his arrest because it was not supported by the evidence and was irrelevant. During his closing argument, the prosecutor reminded the jury that Jaffray: admitted consuming alcohol at a hockey game in Atlanta; was stopped approximately 40 or 50 miles away from the game; and then registered a BAC of between 0.075 and 0.085 at 12:30, an hour after he was stopped by police. Thus, the prosecutor argued, Jaffray's BAC exceeded the legal limit. Jaffray's counsel objected, contending that the State's argument was improper and irrelevant because Jaffray was not charged with DUI per se.[20] The trial court permitted the prosecutor to "go forward" with his argument, after repeating his instruction to the jurors that "nothing the attorneys say is evidence. They are to take no law or evidence from what the attorneys say. The law comes from [the court]. The evidence comes from the witness stand and the exhibits. [The jurors] are to base their decision on that and not what the attorneys say. . . ." We find no reversible error.

Contrary to Jaffray's assertion, this Court has previously held that evidence of a driver's numerical BAC is probative of a DUI less safe charge.[21] Such evidence may be excluded in some cases if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."[22] But here, Jaffray did not object when the State introduced Lewis's testimony regarding Jaffray's BAC as determined by the Intoxilyzer 5000, nor did he object to the admission of the printout of the results. In fact, during cross-examination, Jaffray's trial counsel repeatedly asked

---

[17] (Punctuation omitted.) *Yglesia*, 288 Ga. App. at 218. See *Lee*, 280 Ga. App. at 707.

[18] See *Yglesia*, 288 Ga. App. at 218; *Lee*, 280 Ga. App. at 707.

[19] See OCGA § 40-6-391 (l) ("A person who violates [OCGA § 40-6-391] while transporting in a motor vehicle a child under the age of 14 years is guilty of the separate offense of endangering a child by driving under the influence of alcohol or drugs."). Here, it is uncontroverted that Jaffray's children, ages one and twelve, were in the car at the time of his arrest.

[20] See OCGA § 40-6-391 (a) (5) ("A person shall not drive or be in actual physical control of any moving vehicle while . . . [t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended.").

[21] See *Webb v. State*, 277 Ga. App. 355, 357 (1) (626 SE2d 545) (2006).

[22] (Punctuation omitted.) Id.

Lewis to confirm that a person with a BAC of 0.08 within three hours of driving was "over the legal limit." The trial court was not asked to make a determination regarding any potential prejudice to Jaffray resulting from admission of his BAC level.[23] By failing to object to the admission of the evidence, Jaffray waived his right to object to the prosecutor's closing arguments based thereon. Attorneys are afforded wide latitude during closing arguments, and deductions argued by the prosecutor "may be illogical, unreasonable or even absurd so long as there is evidence from which such deductions can be made."[24] Here, the evidence supported a deduction that Jaffray's BAC was over the legal limit. But even assuming that the State's closing argument referred to matters not in evidence and assuming that we construe the trial court's comments as overruling Jaffray's objection thereto, Jaffray did not object or move for a mistrial following the trial court's instruction to the jury, and therefore, he failed to preserve this issue for appeal.[25]

3. In his final enumeration, Jaffray maintains that the trial court erred by ruling that his arrest was supported by probable cause.

> The test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility. To arrest a suspect for driving under the influence, an officer need only have knowledge or reasonably trustworthy information sufficient to authorize a prudent person to believe that the suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely.[26]

At the conclusion of the motion to suppress, the trial court ruled that

> based on the evidence presented, the combination of the observed speed, the defendant's admitting that he had been

---

[23] We do not, therefore, reach a decision about the admissibility of the evidence. See *Ayers v. State*, 251 Ga. App. 623, 625-626 (5) (555 SE2d 4) (2001) ("Appellate courts review enumerations for correction of errors of law committed by the trial court – where motions or objections are properly presented for a ruling by the trial court. Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review.") (punctuation omitted).

[24] (Punctuation omitted.) *Clark v. State*, 146 Ga. App. 697 (3) (247 SE2d 221) (1978). See *Steverson v. State*, 276 Ga. App. 876, 882 (5) (b) (625 SE2d 476) (2005).

[25] See *Cordy v. State*, 257 Ga. App. 726, 728-729 (6) (572 SE2d 73) (2002).

[26] (Punctuation omitted.) *Slayton v. State*, 281 Ga. App. 650, 652-653 (1) (637 SE2d 67) (2006).

consuming alcohol, the odor of alcohol coming from him, the condition of his eyes, the results of the AlcoSensor being positive, and the horizontal gaze nystagmus test results all provided probable cause for the arrest.

Drawing all permissible inferences from the evidence in favor of the trial court's ruling, we conclude that the trial court did not err by finding sufficient probable cause to support Jaffray's arrest for driving under the influence to the extent that he was less safe to drive.[27]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 14, 2010 — 

*George C. Creal, Jr.*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, David E. Boyle, Assistant District Attorney*, for appellee.

---

[27] See id. (probable cause to arrest the defendant for DUI was established by her admission that she consumed alcohol and evidence that she tested positive for the presence of alcohol, her breath had a strong odor of alcohol, her eyes were watery and glassy, and she made an abrupt lane change and her vehicle became unstable). See also *Sultan v. State*, 289 Ga. App. 405, 408-409 (2) (657 SE2d 311) (2008). Compare *Handley v. State*, 294 Ga. App. 236, 237-238 (668 SE2d 855) (2008) (arrest not supported by probable cause because even though there was evidence that the defendant consumed alcohol, there was no evidence showing that the consumption impaired her driving).